Tilghman O. J.
This action is brought against .the supercargo of the schooner Alligator, to recover damages for breach of the instruction of the owners, 1st, with respect to the sale of the cargo; 2d, of the vessel.
I agree with the plaintiffs’ counsel in the construction of the orders as to the sale of the cargo, that is to say, that it was not intended to give the supercargo any discretion as to selling at the Havanna at a less price than thirteen dollars fifty cents per barrel for the flour clear of all charges, &c. If that could not be had, he was to proceed to some of the *other places mentioned in the instructions. But an event took place, not provided for by the instructions. The vessel ran aground, and was obliged to throw over part of her cargo, and proceed to the nearest port, in order to unload and undergo an examination. To have proceeded to Europe without such an examination, would have been unwarrantable conduct. The order of the owners was, that the vessel should not be entered at the Havanna, unless it was ascertained that the price of thirteen dollars fifty cents could be had. But the necessity of the case justified a departure from this order. Here then the supercargo found himself in a situation not contemplated by the owners when they gave him their instructions. His behavior in this unexpected state of things, both as to integrity and prudence, has been fully considered by the arbitrators, and they have found no fault in him. That being the case, I see no reason for disturbing the award so far as concerns the cargo. Let us see now, how the matter stands with regard to the vessel. The orders were, not to take less than fourteen thousaud dollars free of all charges lohatsoever. The arbitrators understand the order thus, free of every kind of charge, duty, costs, or commissions, on account of the sale of the vessel. It seems *332 there is a considerable duty on the sale of a vessel at the Havanna, which was avoided in this instance, by a sale to the government. But the plaintiffs’ counsel contends that under the word charges are to be included seamen’s wages, provisions, &e. The expression charges, is not very definite. In a subject so purely mercantile, the opinion of merchants as to the meaning of words in common use among themselves is entitled to considerable weight. The arbitrators are men of experience in business, and have given substantial reasons for their opinion. They consider the charges which the plaintiffs wish to include, as belonging to the voyage, rather than the ship ; and it appears to me that they are in the right. The words admit of either one construction or the other, but I think that of the arbitrators is most reasonable. Understanding it in that sense, there has been no violation of orders. The price which was fixed as the minimum has been obtained. I am, therefore, of opinion that the award should be confirmed.
* Ye ates J.
The report of the referees in this case has been questioned on the ground of their supposed mistake in point of law. It has been urged, that the refer-lees have erred in the opinion they formed of the plaintiffs’ 'letter of instructions dated August 8th 1810, addressed by them as owners of the schooner Alligator and her cargo to the defendant their supercargo.
On the face of the instructions it is obvious, that the owners contemplated the Havanna as the port, where in all probability the cargo would be sold, and that they made no provisions for any unfortunate event which might occur in the course of the voyage. And hence it follows, that on the schooner’s running foul of the Great Bank, and receiving damage thereby, the supercargo was bound to exercise his discretion, in order to meet that circumstance. The sale of the vessel therefore to the Spanish government was in my idea justified by the true spirit of the plaintiffs’ order. Mr. Yard’s testimony confirms the opinion I had formed on this part of the case.
When the cargo was unladen, the Havanna market offered a prospect of sales according to the plaintiffs’ limitations. The first sales which were made are not questioned, and when once begun, and the schooner disposed of, I do not see what better could be done, than was done. The Cadiz or Lisbon market offered no inducements to transport the flour to either of those ports. The referees had no difficulty on this head.
*333 I think it a matter of great moment in commercial transactions, that agents should be strictly held to execute the orders of their principals; but I do not deem this such a case as demands the Court’s interposition in order to guard that principle.
I am of opinion that judgment should be rendered on the report.
Brackenridge J. concurred.
Award confirmed.